

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 7552 | DATE | 4/5/2001 |
| CASE TITLE | USA ex.rel. Rafael Mendez vs. Mark A. Pierson | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Because Mendez could have discovered all the information needed in order to file his claim on time, regardless of whether he had the help of counsel, we conclude that Mendez did not diligently attempt to bring his claims. Therefore, we decline to toll the statute of limitations, and the petition for writ of habeas corpus is dismissed. The status hearing set for 4/6/01 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR - 6 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 15 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 4/5/2001 | |
| | | | date mailed notice | |
| GL | courtroom deputy's initials | | GL | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. RAFAEL MENDEZ, | ) ) ) | APR - 6 2001 |
| Petitioner, | ) ) | |
| v. | ) ) | No. 00 C 7552 |
| MARK A. PIERSON, | ) ) ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Chief Judge:

On April 12, 1989, Petitioner Rafael Mendez was found guilty of murder, attempted robbery and unlawful use of a firearm by a felon in Cook County, Illinois. He was sentenced to 50 years in prison. Mendez has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging ineffective assistance of counsel, the state's knowing use of perjured testimony and discovery violations. Respondent, Mark A. Pierson, in turn has filed a motion to dismiss the petition as time-barred under the Antiterrorism and Effective Death Penalty Act of 1996. As explained below, we grant the motion to dismiss.

### BACKGROUND

In June, 1989, Mendez and a co-defendant were found guilty in a bench trial of murder, attempted robbery and unlawful use of a firearm by a felon in Cook County, Illinois, and sentenced to a term of 50 years. Mendez appealed the judgment of the Cook County Circuit Court in an appeal consolidated with the appeal of his co-defendant. On September 2, 1992, the Illinois Appellate Court affirmed Mendez's conviction and sentence. On

15

November 30, 1992, Mendez filed a petition for leave to appeal with the Illinois Supreme Court, which was denied on June 3, 1993. In December, 1993, Mendez filed a post-conviction petition in the Circuit Court of Cook County, and this petition was dismissed by the Circuit Court on November 13, 1995. Mendez then appealed the dismissal of his post-conviction petition to the Illinois Appellate Court, and on October 13, 1998, the Appellate Court affirmed the dismissal of his petition. The Appellate Court denied Mendez's December 3, 1998 petition for rehearing, but issued a modified order on January 12, 1999, which again affirmed the dismissal of Mendez's petition. Finally, Mendez filed a petition for leave to appeal with the Illinois Supreme Court which was denied on June 2, 1999. Mendez filed his petition for writ of habeas corpus before us on October 19, 2000, claiming: (1) ineffectiveness of trial counsel; (2) ineffectiveness of appellate counsel; (3) the State's knowing use of perjured testimony; and (4) discovery violations.

## ANALYSIS

Respondent argues that Mendez's petition for writ of habeas corpus should be dismissed with prejudice as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d)(1). The AEDPA became effective on April 24, 1996 and imposed a one-year statute of limitations for filing section 2254 petitions for writ of habeas corpus. Section 2244(d) provides that:

(1) A one-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

pending shall not be counted toward any period of limitation under this subsection.

Mendez's conviction was final on September 1, 1993, the date on which the Illinois Supreme Court denied his petition for leave to appeal on direct appeal (June 3, 1993) plus 90 days for the filing of a petition for a writ of certiorari to the United States Supreme Court. Because his conviction was final prior to the enactment of the AEDPA, he had one year from the effective date of that statute -- April 24, 1996 -- within which to file his § 2254 petition. *See Gendron v. United States*, 154 F.3d 672, 675 (7th Cir. 1998). However, the time during which a post-conviction petition is pending in state court is not counted toward the one-year period. 28 U.S.C. § 2244(d)(2); *Gendron*, 154 F.3d at 675. Because Mendez had a post-conviction petition pending in state court, the statute did not start running until June 2, 1999, the date his petition for leave to appeal from his post-conviction proceedings was denied by the Illinois Supreme Court. Therefore, Mendez was required to file his petition for writ of habeas corpus by June 2, 2000 to meet the statutory requirement.

Mendez filed his petition for writ of habeas corpus on October 19, 2000, four months after the statute had run. The one-year deadline is not jurisdictional, however, so Mendez's petition may be reviewed if he can show that "equitable tolling" is warranted. *See Taliani v. Chrans*, 189 F.3d 597, 597-98 (7th Cir. 1999). Mendez argues that the circumstances of his cause justify the application of the doctrine of "equitable tolling."

Under the judge-made doctrine of "equitable tolling," we may excuse Mendez's failure to file his § 2254 petition within the limitations period only if he shows that he "could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time." *Taliani*, 189 F.3d at 597. In other

words, we may entertain a petition that is untimely filed when, due to extraordinary circumstances beyond a petitioner's control, he cannot reasonably be expected to file his suit on time, see *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir.1996), and thus the "'principles of equity would make [the] rigid application [of a limitation period] unfair.'" *Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618 (3d Cir.1998) (quoting *Shendock v. Dir., Office of Workers' Compensation Programs*, 893 F.2d 1458, 1462-64 (3d Cir.1990) (en banc)).

Mendez argues that his counsel is at fault here and that he himself did exercise reasonable diligence. Normally, however, a lawyer's mistake is not a valid basis for equitable tolling. *Taliani*, 189 F.3d at 598. Petitioners do not have a constitutional right to counsel "when mounting collateral attacks upon their convictions," *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990 (1987), and alleged ineffective assistance of habeas counsel is not a viable basis for tolling the § 2254 statute of limitations. *Casas v. U.S.*, 88 F.Supp.2d 858, 859 (N.D.Ill.1999). The Supreme Court has emphasized that "the petitioner bears the risk in federal habeas for all attorney errors made in the course of the representation," because "the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation." *Coleman v. Thompson*, 501 U.S. 722, 753-54, 111 S. Ct. 2546 (1991). Following this reasoning, we decline to toll the statute of limitations in Mendez's case.

Mendez elected to wait for written notice from counsel indicating the status of his petition for leave to appeal rather than discover the status on his own and file his § 2254 petition pro se, which the instant petition -- finally filed pro se almost 2 years after the filing of the leave to appeal -- demonstrates he was capable of doing. On March 11, 1999,

4

Mendez was informed by counsel that the Illinois Supreme Court allowed the filing of his petition for leave to appeal. However, Mendez made no attempt to discover the status of the petition until January, 2000, when he sent a letter to counsel asking whether the Illinois Supreme Court had granted or denied the petition. Counsel sent a letter to Mendez on August 24, 2000, indicating that Mendez's petition for leave to appeal had been denied in June, 1999. After receiving this written notice, Mendez enlisted the help of another inmate and prepared his petition for habeas corpus in just 46 days.

It is unclear to us why Mendez waited until January, 2000 to contact counsel concerning the status of his petition for leave to appeal (we also question why it took counsel seven months to answer Mendez's letter). However, Mendez could have easily discovered the status of his petition for leave to appeal by contacting the Illinois Supreme Court on his own, without the help of counsel, in order to timely file a petition under § 2254 as he has so aptly done here. There is no question that, with the exercise of reasonable diligence, Mendez could have discovered whether his petition for leave to appeal had been granted or denied. This is the only piece of information he needed in order to successfully file his petition for writ of habeas corpus in a timely fashion.

Because Mendez could have discovered all the information needed in order to file his claim on time, regardless of whether he had the help of counsel, we conclude that Mendez did not diligently attempt to bring his claims. Therefore, we decline to toll the statute of limitations, and the petition for writ of habeas corpus is dismissed. It is so ordered.

Marvin E. Aspen, District Court Judge

Dated: 4/5/01