# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7552 | **DATE** | 12/20/2001 |
| **CASE TITLE** | USA ex.rel. Rafael Mendez vs. Mark A. Pierson | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Petitioner's motion for appointment of counsel (22-1) and motion for leave to appeal in forma pauper (23-1) is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | DEC 27 2001 date docketed | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | 26 |
| | Mail AO 450 form. | IS docketing deputy initials | |
| | Copy to judge/magistrate judge. | 12/20/2001 date mailed notice | |
| GL | courtroom deputy's initials | 01 DEC 26 AM 6:39 Date/time received in central Clerk's Office | GL mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.
RAFAEL MENDEZ,

    Petitioner,

v.     No. 00 C 7552

MARK A. PIERSON,

    Respondent.

DOCKETED
DEC 2 7 2001

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Chief Judge:

On April 12, 1989, Petitioner Rafael Mendez was found guilty of murder, attempted robbery, and unlawful use of a firearm by a felon in Cook County, Illinois. He was sentenced to 50 years in prison. After exhausting his state remedies, Mendez filed a petition for a writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254. In our opinion of April 5, 2001, we held that his petition was time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1)-(2). After his motion for reconsideration was denied, Mendez requested a certificate of appealability ("COA") and filed a petition for leave to appeal in *forma pauperis* and a motion for appointment of appellate counsel. In our order of May 23, 2001, we denied his request for a COA, but we neglected to rule on his other two motions. We now deny those motions as well.

## BACKGROUND

In June 1989, Mendez and a co-defendant were found guilty in Cook County Circuit Court of murder, attempted robbery, and unlawful use of a firearm by a felon and sentenced to a term of 50 years. On September 2, 1992, the Illinois Appellate Court affirmed his conviction and sentence. On June 3, 1993, the Illinois Supreme Court denied his petition for leave to appeal. In December 1993, Mendez filed a petition for post-conviction relief in Cook County Circuit Court; the petition was dismissed on November 13, 1995. Mendez appealed, and on October 13, 1998, the Appellate Court



affirmed the dismissal of his petition. The Appellate Court denied Mendez's petition for rehearing but issued a modified order on January 12, 1999, which again affirmed the dismissal. Finally, Mendez filed a petition for leave to appeal to the Illinois Supreme Court which was denied on June 2, 1999.

On October 19, 2000, Mendez filed his petition for writ of habeas corpus with this Court, citing ineffective assistance of trial counsel, ineffective assistance of appellate counsel, the State's knowing use of perjured testimony, and discovery violations. In our opinion of April 5, 2001, we held that his petition was time-barred by AEDPA's one-year statute of limitations. See *U.S. ex rel. Mendez v. Pierson*, 159 F.Supp.2d 1091, 1094-95 (N.D.Ill. 2001). When the Illinois Supreme Court denied his petition for leave to appeal the dismissal of his post-conviction proceedings on June 2, 1999, Mendez was required to file his petition for writ of habeas corpus by June 2, 2000 to meet the statutory requirement. See 28 U.S.C. § 2244(d)(1)-(2); Gendron v. United States, 154 F.3d 672, 675 (7th Cir. 1998). Mendez, however, did not file his petition until October 19, 2000, four months after the statute had run. Mendez, though, argued that the circumstances of his case justified "equitable tolling" of the statute of limitations period. Cf. *Taliani v. Chrans*, 189 F.3d 597, 597-98 (7th Cir. 1999) (refusing to reach issue of whether equitable tolling is available under 28 U.S.C. § 2254). Mendez alleged that on March 11, 1999, his counsel informed him that the Illinois Supreme Court had taken his petition for leave to appeal under advisement. In January 2000, Mendez sent a letter to counsel asking whether the Illinois Supreme Court had granted or denied the petition. Counsel waited until August 24, 2000 to tell Mendez that his petition for leave to appeal had been denied in June 1999. Of course, by this time AEDPA's one year statute of limitations had already run. Nonetheless, despite counsel's alleged negligence, we held that a lawyer's conduct is not a valid basis for equitable tolling. *U.S. ex rel. Mendez v. Pierson*, 159 F.Supp.2d at 1094-95 (N.D.Ill. 2001) (citing Taliani, 189 F.3d at 597-98).

Mendez then requested a certificate of appealability ("COA") under 28 U.S.C. § 2253(c) and filed a petition for leave to appeal in *forma pauperis* and a motion for appointment of appellate counsel. The sole issue Mendez seeks to appeal is our decision denying equitable tolling of the statute of limitations. In our order of May 23, 2001, we denied his request for a COA, holding that no jurist of

2

reason would find our procedural ruling on this issue debatable. *See U.S. ex rel. Mendez v. Pierson*, No. 00-CV-7552 (N.D.Ill. 2001) (applying standard announced in Slack *v. McDaniel*, 529 U.S. 473, 484 (2000)). We now turn to Mendez's two other motions.

## ANALYSIS

### A. Petition to Proceed In Forma Pauperis on Appeal

Mendez has requested permission to proceed in *forma pauperis* on his appeal of our denial of his habeas corpus petition. An appeal may not be taken i*n forma pauperis* if the court determines that the appeal is not in good faith. *See* 28 U.S.C. § 1915(a)(3). An appeal is in good faith if a reasonable person could suppose that the appeal has some merit. *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000). Mendez argues that his lawyer's negligence in failing to inform him in a timely fashion that the Illinois Supreme Court had denied his petition for leave to appeal the dismissal of post-conviction proceedings constitutes reasonable grounds for an appeal. We disagree.

The circuit courts have been unanimous in their position that a lawyer's mistake or negligence is not a valid basis for equitable tolling. *See* Smaldone *v. Senkowski*, No. 00-2519, 2001 WL 1453925, at *4 (2nd Cir. Nov. 16, 2001); Fahy *v. Horn*, 240 F.3d 239, 244 (3rd Cir. 2001); H*arris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir. 2000); Taliani, 189 F.3d at 598; *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir.2000); Frye *v. Hickman*, No. 99-15935, 2001 WL 1524538, at *2 (9th Cir. Dec. 3, 2001); E*llis v. Martin*, No. 98-6450, 1999 WL 1101241, at*2 (10th Cir. Dec. 6, 1999) (unpublished opinion); *Sandvik v. United States*, 177 F.3d 1269, 1272 (11th Cir.1999); Gilbert *v. Secretary of Health and Human Services*, 51 F.3d 254, 257 (Fed.Cir.1995). The Supreme Court has emphasized that "the petitioner bears the risk in federal habeas for all attorney errors made in the course of the representation" because "the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation." *Coleman v. Thompson*, 501 U.S. 722, 753-54, 111 S. Ct. 2546 (1991). In order to minimize that risk, habeas petitioners must exercise reasonable diligence in overseeing the actions of their attorneys. *See Johnson v. McCaughtry*, 265 F.3d 559, 566 (7th Cir. 2001) ("many clients, whether in prison or not, must vigilantly oversee the actions of their

3

attorneys and, if necessary, take matters into their own hands"). Mendez did not do so here. He waited until January 2000, to contact his attorney concerning the status of his petition for leave to appeal. Although his attorney was certainly negligent in failing to respond quickly to his inquiry, Mendez could have easily discovered the status of his petition by contacting the Illinois Supreme Court on his own. This is the only piece of information he needed in order to file his petition for writ of habeas corpus in a timely fashion. He must now bear the cost of his failure to act.

We do not believe that a reasonable person would regard this appeal as meritorious. We find that this appeal is not taken in good faith, and the request to proceed *in forma pauperis* on appeal is therefore denied.

### B. Motion for Appointment of Counsel

Mendez has also moved for appointment of counsel to assist him in his appeal of our denial of his habeas petition. Appointment of counsel in habeas corpus cases "is a power commended to the discretion of the district court in all but the most extraordinary circumstances." *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997). See also 18 U.S.C. § 3006A(a)(2)(B) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28."). An exception to the court's discretion exists when an evidentiary hearing is required; in that circumstance, the court must appoint counsel. See Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts. This exception does not apply here, however, because Mendez's habeas petition does not appear to require such a hearing – the sole issue on appeal will be whether his habeas petition was wrongly dismissed as untimely, and the facts regarding this issue are not in question. Furthermore, the issues presented in Mendez's habeas petition do not appear to require particularly complex or detailed legal research. Moreover, the pleadings filed by Mendez thus far have been competently written and argued to an extent that suggests he is capable of presenting his own case. Mendez's motion for appointment of counsel is therefore denied.

## CONCLUSION

For the reasons stated above, we deny Mendez's petition to leave to appeal in *forma pauperis* and motion for appointment of counsel. It is so ordered.

MARVIN E. ASPEN
UNITED STATES DISTRICT JUDGE

Dated: 12/10/01